

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL,
ATTORNEY GENERAL

March 8, 1976

The Honorable Clayton Garrison          Opinion No. H-791
Executive Director
Texas Parks & Wildlife Department        Re:  Validity of deputy
John H. Reagan Building                  game warden commissions
Austin, Texas  78701                     in light of the omission
                                         of the authorizing statute
                                         from a non-substantive
                                         recodification of game
                                         and fish laws.

Dear Mr. Garrison:

     You requested our opinion regarding the validity of
deputy game warden commissions after September 1, 1975.

     In 1973, the 63rd Legislature authorized the executive
director of the Parks and Wildlife Department to commission
deputy game wardens who, after filing an oath and bond, were
empowered to enforce state laws relating to hunting, fishing,
and the preservation of wildlife and marine animals.  Acts
1973, 63rd Leg., ch. 151, at 353.  The deputy game wardens
were required to serve without compensation.  The author-
izing law was compiled as article 978f-5f of Vernon's Texas
Penal Auxiliary Laws.  Commissions were issued after
September 1, 1973.

     Two years later the 64th Legislature enacted H.B. 1186
embodying a comprehensive Parks and Wildlife Code.  Acts
1975, 64th Leg., ch. 545, at 1405.  Section 2(a) of H.B.
1186 expressly repealed certain existing laws, including
"Articles 871 through 978n-2, Vernon's Texas Penal Code
Auxiliary Laws. . . ."  But the new Code, which became
effective September 1, 1975, failed to contain a provision
comparable to article 978f-5f specifically authorizing the
appointment of deputy game wardens.

You ask (1) whether deputy game warden commissions issued between September 1, 1973 and September 1, 1975 remain valid and "permit the commissioned person to continue enforcement of game and fish laws as authorized under omitted Article 978f-5f," and (2) whether commissions issued after September 1, 1975 are valid.  The principal issue is whether authority granted by article 978f-5f survived enactment of the new Parks and Wildlife Code.  In our opinion it did not.

There is no doubt that article 978f-5f of the Penal Auxiliary Laws, which provided specific authority for deputy game warden commissions, was repealed by the law enacting the new Parks and Wildlife Code.  Section 2(a) of H.B. 1186 contained a specific express repealer of "Articles 871 through 978n-2, Vernon's Texas Penal Code Auxiliary Laws," which is inclusive of article 978f-5f.  The article was not among those specifically saved from repeal by section 2(c) of H.B. 1186.

Deputy game wardens are not mentioned at all in the new Parks and Wildlife Code.  The only apparent source of authority for deputy game warden commissions is section 11.018 which provides generally for the executive director of the Parks and Wildlife Department to appoint employees of the Department.  But like its predecessor provision, article 978f-3a of the Texas Penal Auxiliary Laws section 11.018 does not provide for appointments, salaried or otherwise, unless authorized by the current appropriations act.  See Attorney General Opinion M-1080 (1972) construing article 978f-3a.  The current appropriations act fails to provide for deputy game wardens.  Acts 1975, 64th Leg., ch. 743, at 2417.

Section 3 of H.B. 1186 provides:

> Sec. 3.  This Act is intended as a recod-
> ification only, and no substantive change
> is intended by this Act.

See also V.T.C.S. art. 5429b-1.  While this statement of legislative intent is helpful in construing the Act, the language of the Act designed to accomplish that intent must fairly and reasonably do so.  City of Sweetwater v. Geron, 380 S.W.2d 550, 552 (Tex. Sup. 1964).  The rule applicable to code revisions was addressed by the Texas Supreme Court in American Indemnity Co. v. City of Austin, 246 S.W. 1019, 1024 (Tex. Sup. 1922), where it said:

> Codes are not mere compilations of laws
> previously existing, but bodies of laws
> so enacted that laws previously existing
> and omitted therefrom cease to exist, and
> such additions as appear therein are the
> law from the approval of the act adopting
> the Code. . . .

The Court went on to explain at 1025:

> But the Revised Statutes, as we have
> seen, are the law, and are to be looked
> to with safety and confidence by the
> citizen; nor need one, under the rules
> of construction shown in the authorities
> cited, look into the original acts, except
> to explain ambiguities in the Code. . . .

See 246 S.W. 1019, 1024 (authorities cited therein); 1A Sutherland, Statutory Construction 4th ed. § 28.05; 53 Tex. Jur.2d Statutes §§ 4, 189, and 190; Freeman, The Texas Legislative Council's Statutory Revision Program, 29 Tex. B.J. 1021 (1966).  The rule allows for the scrutiny of prior statutes if the new code is unclear or ambiguous.  See V.T.C.S. art. 5429b-2, § 3.03; Honea v. United States, 344 F.2d 798 (5th Cir. 1965); Orton v. Adams, 444 P.2d 62 (Utah 1968); Ex parte Copeland, 91 S.W.2d 700 (Tex.Crim.App. 1936).  After carefully reviewing the Parks and Wildlife Code, it is our view that the language of the Code with regard to authority to commission deputy game wardens is clear and unambiguous.  While the Legislature may well have not intended to eliminate the statutory authority for deputy game wardens, we do not believe the rules of statutory construction give us the option of looking behind the very clear language of the Act.  Accordingly, we are required to

conclude that after the Code became effective and article 978f-5f was repealed, the executive director was without authority to commission deputy game wardens.  Therefore, any commission issued on or after September 1, 1975 is invalid.

Your inquiry concerning the validity of commissions issued before September 1, 1975 presented a somewhat different question.  Undoubtedly the commissions were valid when issued if issued in conformance with the requirements of article 978f-5f.  Whether such commissions remain valid is not the controlling factor in regard to the concerns you expressed.  Even if the commissions remain valid, which we do not decide in this opinion, the sole source of special authority for deputy game wardens to enforce the laws of this state by virtue of those commissions was under article 978f-5f.  When that article was repealed, any authority arising from it was lost.  We are unable to find any suggestion that the special enforcement authority in the new Parks and Wildlife Code, which is broader than that previously available under article 978f-5f, was intended to extend to deputy game wardens.  See generally Parks and Wildlife Code § 12.101 et seq.  Therefore, beginning September 1, 1975, persons commissioned as deputy game wardens under article 978f-5f were no longer specially authorized to enforce the game and fish laws of this state.

### S U M M A R Y

Acts 1975, 64th Leg., ch. 545, at 1405, which enacted the Parks and Wildlife Code, repealed article 978f-5f, Texas Penal Auxiliary Laws, and eliminated authority for deputy game wardens.  Deputy game warden commissions issued after September 1, 1975 are invalid. Persons commissioned before September 1, 1975 are not authorized to continue to enforce the game and fish laws of this state as previously authorized by article 978f-5f.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb