## EPPLER v. WIGINTON.

### No. 2950.

Court of Civil Appeals of Texas. Eastland.

Oct. 24, 1952.

Frank E. Smith and Smith, Eplen & Bickley, Abilene, for appellant.

Brooks, Fergus, Nemir & Brooks, Abilene, for appellee.

LONG, Justice.

Huey M. Wiginton instituted this suit on October 13, 1951 against Elmer E. Newton and W. R. Eppler, alleging that Newton, on August 17, 1950, executed and delivered to Wiginton a promissory note for $1,680; that on the same date Newton executed a chattel mortgage to secure said note covering cafe fixtures and equipment located at 2826 Pine Street, Abilene, Taylor County, Texas; that defendant Eppler is claiming an interest in said cafe fixtures, the extent of which is unknown to plaintiff. Citation was issued to Eppler on the date this suit was instituted but was not served on him

until October 29, 1951, two days after the regular term of the 42nd District Court had ended. The September term of the 42nd District Court began on September 3, 1951 and ran until October 27, 1951. On October 27, 1951 the Judge of said Court extended the term until November 30, 1951. On November 20, 1951, Elmer E. Newman entered his appearance and testified that he was one and the same person named defendant in this suit as Elmer E. Newton, whereupon the court entered judgment against Elmer E. Newman and W. R. Eppler for the amount of the note, interest and attorneys' fee and for foreclosure of the chattel mortgage on the personal property involved. Eppler did not answer and judgment against him was by default.

The citation served on Eppler required him to answer on the first Monday after twenty days from October 29, 1951, which date fell in vacation if the term of court had not been extended by the trial judge. The next regular term of the 42nd District Court began on January 7, 1952 and continued to March 1, 1952. Eppler had no actual notice that the term of court ending October 27, 1951 had been extended to November 30, 1951, except the fact that such extension order was entered on the minutes of the court. It is undisputed that the attorneys for Eppler did not know said judgment was rendered until on or about December 18, 1951, and that Eppler immediately filed a petition in the nature of a bill of review to vacate said judgment. The trial court refused to set said judgment aside and Eppler has appealed.

Appellee Wiginton admits that the judgment is erroneous in that a judgment for money was rendered against Eppler. He admits that the pleadings do not support this part of the judgment and prays this court to reform the judgment, striking therefrom that part which renders a money judgment against Eppler, and affirm the judgment in all other respects.

It is the settled law that a judgment may be reversed in part and affirmed in part where the valid portion is not so dependent upon the invalid as to fall with it; that in a proper case this court may set aside that part of a judgment which is er-

roneous and allow the remainder thereof to stand. Texas Rules of Civil Procedure, rule 434. However, we feel that under the facts in this case that it is our duty to reverse and remand the cause as between Wiginton and Eppler to the trial court for a new trial.

Eppler contends the court was without authority to render judgment against him at the special term of the court. This is indeed an interesting question but we find it unnecessary to pass thereon under the view we take of this case. It will be noted that this case was instituted against "Elmer E. Newton" and W. R. Eppler, alleging that "Newton" had executed in favor of Wiginton a note and chattel mortgage covering the cafe fixtures located at 2826 Pine Street in Abilene.

Citation was served on Eppler and attached thereto was the original petition filed herein. This petition was never amended. When the case was called for trial at the special term of the court, "Elmer E. Newman" appeared, waived service and testified that he was the person against whom suit had been instituted and the court thereupon rendered judgment against him on the note and for foreclosure of the chattel mortgage.

At that time Eppler had not been cited to appear and defend a suit in which it was alleged that Elmer E. Newman had executed a promissory note and to secure the same a chattel mortgage on the personal property on Pine Street. The petition attached to the citation served upon Eppler was to the effect that said note and chattel mortgage were executed by "Elmer E. Newton." At the time of the service of such citation Elmer E. Newman was not a party to this suit. We believe the following quotation from Texas Jurisprudence is applicable here:

"The averments of the pleading are to be taken as proven or confessed; and, if the pleading does not inform the court what judgment to render, that is, if it does not, with sufficient certainty, set forth the cause of action as to names of parties, dates, amounts, etc., to enable the court to render judgment without information aliunde, it is

not sufficient, and the judgment cannot be sustained." 25 Tex.Jur. 400.

Furthermore, the judgment entered by the trial court made no specific mention of the claim that Wiginton's mortgage was superior to the lien claimed by Eppler, neither did it specifically dispose of such issue. It provided for recovery of a money judgment against both Newman and Eppler and for foreclosure of the chattel mortgage executed by Newman in favor of Wiginton. Nowhere in said judgment was the superiority of the liens involved determined. Under the circumstances, we feel that in order that Eppler may have his day in court and that justice be done between the parties, the judgment should be reversed and the cause remanded to the trial court for a new trial and it is so ordered.

Newman has not appealed and, therefore, the judgment as to him is affirmed. The judgment as to Eppler is reversed and the cause remanded. Affirmed in part and reversed and remanded in part.