Barnett W. GARRISON, Appellant,

v.

Candace Mossler GARRISON, Appellee.

No. 8100.

Court of Civil Appeals of Texas,
Beaumont.

June 22, 1978.

Rehearing Denied July 13, 1978.

Ben H. Schleider, Jr., Houston, for appellant.

H. N. Lackshin, C. L. Wallace, Houston, for appellee.

KEITH, Justice.

This is an appeal from an order which purported to grant a divorce while reserving the determination of the property rights to a later date. Before a decision on the property rights of the parties, the petitioner, Candace Mossler Garrison, died and the trial court overruled the motion of the defendant husband, our appellant, to dismiss or abate the proceedings. Our decision has been foreordained by two decisions of the First Court of Civil Appeals in Houston: *Garrison v. Mead*, 553 S.W.2d 25 (Tex.Civ.App.—Houston [1st Dist.] 1977, original proceedings), and *Garrison v. Texas Commerce Bank*, 560 S.W.2d 451 (Tex.Civ.App.

—Houston [1st Dist.] 1977, writ ref'd n. r. e.).

We are in full agreement with the statement of the facts, the authorities cited, and the holding in each of the cases, and we adopt this language from Chief Justice Coleman's able opinion in the second case:

> "The death of Mrs. Candace Mossler Garrison prior to the division of the community property of the parties rendered the cause moot and no final judgment of divorce could thereafter be rendered."

■ For the reasons set out in the cited case, we hold that the trial court erred in refusing to dismiss or abate the divorce proceedings and further erred in attempting to render a final judgment of divorce after the decedent had died.

We turn now to matters which were not addressed in the earlier opinions but which are presented in this appeal: the appointment of a master in chancery in connection with the partition of the community property and the assessment of the costs incident thereto in the purported decree granting the divorce.

The trial court, upon its own motion and over the objections of the appellant, appointed a master in chancery and directed that he "receive evidence and to report upon the characteristics of the property owned by the parties to the marriage and to recommend an equitable division of the estate of the parties to the Court." Appellant's objections were voluminous, explicit, and raised the constitutional question that the reference amounted to a denial of his right to a trial by jury after he had complied with the rules governing such a trial.[1] Nevertheless, the master held extensive hearings, as evidenced by the court's approval of his claim for 350 hours at the rate of $100 per hour ($35,000), plus $1,782.00 in expenses in addition to court reporter's fees of $18,099.25. The order approving the aggregate claim of $54,881.25 was taxed against Petitioner, "Candace Mossler, formerly Candace Mossler Garrison, and Respondent, Barnett Wade Garrison," jointly and severally. We note that this order was entered on June 8, 1977, after the master had reported that Mrs. Garrison had died on October 26, 1976.[2]

Although the parties have asserted in oral argument that the deceased possessed a large separate estate, there is no record showing of the nature, extent, or composition of the separate or community estate of the parties.[3] Notwithstanding a charge of more than fifty thousand dollars, we have no record proof of the nature of the estate.

■ Under these circumstances, we adopt and follow the rationale of the decision in *Bell v. Bell*, 540 S.W.2d 432, 437 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ), wherein Justice Peden discussed *Tex. R.Civ.P. 171*, and the cases arising under such rule. We adopt this opinion as one correctly enunciating the law applicable to this case, noting that there is no record showing that this is an exceptional case. We hold that litigants are entitled to a trial by jury when demanded (and it was timely and properly demanded in this case) and this right may not be denied by shunting the case to a master. It was suggested on oral argument that to try this case to a jury would impose an intolerable burden of congestion upon an already congested court docket. Assuming the truth of the representation, with a complete absence of proof, we find no merit to the contention. Court congestion does not in itself constitute or

1. Appellant cited, *inter alia*, *Tex.Const. art. I, § 15*; *Tex. Family Code Ann. § 3.61 (Supp. 1978)*; *Ex parte Scott*, 133 Tex. 1, 123 S.W.2d 306, 313 (1939); *Blancas v. Blancas*, 495 S.W.2d 597, 601 (Tex.Civ.App.—Texarkana 1973, no writ).

2. The master's hearing was still in progress at the time of petitioner's death and in his final report dated May 10, 1977, it was stated "the Master makes no recommendation to the Court on the property issues involved in the marriage."

3. Although we have what is denominated a "statement of facts," an examination reveals that it is a compendium of excerpts apparently taken at random during the proceedings, including excerpts from testimony, colloquies of counsel, bills of exception, etc. We do not find it helpful in disposing of the questions remaining in the case.

make this an exceptional case nor does it authorize the denial of a right to have a jury determine the disputed fact issues.

■ Under the circumstances shown by this unsatisfactory record, we find that the trial court erred in appointing the master in chancery over the objections of the appellant/husband. Having erred in the original appointment, it follows that we are of the opinion that the trial court erred in assessing any part of the costs thereof against appellant.

The order of the trial court signed on December 3, 1975, and recorded in Volume 1299 at page 281, et seq., of the minutes of said court, purporting to dissolve the bonds of matrimony between Candace Mossler Garrison and the appellant, restoring her former name of Candace Mossler, and retaining "jurisdiction of the property rights of the parties until the entry of a final decree of divorce in this cause," is reversed, and the cause is dismissed because it is moot. See *Garrison v. Texas Commerce Bank*, supra, 560 S.W.2d at 457.

The order of the trial court signed on June 8, 1977, and recorded in Volume 1430 at page 683, et seq., is hereby set aside and held for naught. As stated in *Parr v. White*, 543 S.W.2d 445, 448 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.):

"Upon Jody Martin Parr's death, the 229th District Court [the divorce tribunal] could no longer promulgate new orders or enforce existing orders concerning the property of Jody Parr. Her property vested immediately in her heirs at law and/or her beneficiaries under her will. Upon the opening of probate, the probate court acquired full and exclusive jurisdiction over Jody Martin Parr's property."

Texas Commerce Bank, the appellee in the probate proceeding noted earlier (560 S.W.2d 451), filed a brief as *amicus* in this cause urging substantially the same arguments which had been denied in Chief Justice Coleman's opinion. We know, consequently, that the probate court has acquired jurisdiction of the property of Mrs. Garrison, and, presumably, that belonging to the community estate of the parties. *Parr v.*

*White*, supra. In any event, the trial court did not have jurisdiction to enter the order of June 8, 1977, ordering the payment of the master's fees and expenses.

The judgment of the trial court is reversed and all orders entered subsequent to the date of Mrs. Garrison's death (October 26, 1976) are set aside and held for naught; the cause is dismissed as moot. All costs of appeal are assessed against the estate of Mrs. Garrison.