**Mary L. PALOMINO, Appellant,**

v.

**Sergio J. PALOMINO, Appellee.**

No. 08–97–00104–CV.

Court of Appeals of Texas,
El Paso.

Dec. 11, 1997.

Rehearing Overruled March 5, 1998.

Eddie Martin, El Paso, for Appellant.

Jesus M. Hernandez, El Paso, for Appellee.

Before BARAJAS, C.J., and LARSEN and McCLURE, JJ.

*OPINION*

BARAJAS, Justice.

This is an appeal of a final decree of divorce and the division of certain lump sum

settlement payments. For the reasons stated below, we reverse the decision of the trial court.

## I. *SUMMARY OF THE EVIDENCE*

Appellant, Mary Palomino, filed for divorce on December 7, 1990. Appellee, Sergio Palomino, filed an answer, cross-action for divorce and a third party claim on February 14, 1991. The divorce remained pending for several years until both parties agreed to a non-jury trial on April 8–9, 1996. At the time of trial, numerous stipulations were made in open court. The two issues to be determined by the court were the amount of support for the minor children and disposition or division of an annuity. The court heard evidence, both sides closed and the court took the case under advisement. The Appellee died on July 28, 1996.

On September 6, 1996, the court held a status hearing. The Appellant argued that the court should abate and dismiss the divorce action since Appellee had died and no judgment had been rendered. While admitting that no final judgment had been announced prior to Appellee's death, counsel for Appellee urged the court to enter judgment since all evidence had been presented. The court asked the parties to return the following Monday, September 9, 1996, at which time the court's decision would be announced. However, at that hearing, other matters consumed the court's time and no decision was announced.[1] Appellant asked that the parties be allowed to fully brief the issue of whether the court should render a judgment. Appellee again urged the court to render a decision based on the evidence presented in April. The court held another hearing on September 16, 1996, at which time counsel for the Appellee requested that Luis Palomino, father of Appellee and executor of the estate, be substituted in the place of Appellee. Upon the suggestion of death being entered of record in open court and after waiving issuance of a citation or scire facias,[2]

Luis Palomino was substituted in place of his son in the divorce action. The court also allowed counsel for Appellee several additional days to file a response brief.

The Appellee filed a Motion to Sign Decree of Divorce on October 17, 1996 and the judgment hearing was held October 24, 1996. At the hearing, Appellant again objected to the court rendering a decision in the case, arguing that the action should have been abated and dismissed. Appellant further objected to the amount of child support and the division of the lump sum payments, in light of the fact that the court had not previously pronounced its judgment. The court signed the Final Decree of Divorce on November 21, 1996. This appeal followed.

## II. *DISCUSSION*

■ Appellant brings three points of error. In Point of Error No. One, Appellant alleges that the court erred as a matter of law in entering a Final Decree of Divorce by not abating the divorce and dismissing the action when Appellee died before the pronouncement of judgment of divorce.

■ When a party to a suit dies, the suit will not abate if the cause of action survives the death of that party. Tex.R.Civ.P. 150. The general rule in Texas is that a cause of action for divorce is purely personal and becomes moot and abates upon the death of either spouse. *McKenzie v. McKenzie,* 667 S.W.2d 568, 571–72 (Tex.App.—Dallas 1984, no writ); *Garrison v. Garrison,* 568 S.W.2d 709, 710 (Tex.Civ.App.—Beaumont 1978, no writ). The "[d]eath of a party abates the divorce action and its incidental inquiries of property rights and child custody." *Whatley v. Bacon,* 649 S.W.2d 297, 299 (Tex.1983)(orig.proceeding). "The proper procedural disposition of a divorce action when one of the parties dies is dismissal." *Id.* However, when a trial court has rendered judgment on the merits in a divorce

---

1. The court was concerned about a voice mail message left with the court over the weekend in which the caller claimed to have "very important information" about the Palomino case. After speaking with the parties, conducting a conference call with the representative of the company where the call presumably originated, and hear-

ing testimony, the court concluded that it could not determine the identity of the caller or the responsible party.

2. *See* Tex.R.Civ.P. 152.

case, the cause does not abate when a party dies, and the cause cannot be dismissed. *Novotny v. Novotny,* 665 S.W.2d 171, 173–74 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd). Furthermore, when a party to a divorce dies during the pendency of appeal, the appeal becomes moot, unless the divorce decree significantly affects the property rights of the parties. *Dunn v. Dunn,* 439 S.W.2d 830, 833–34 (Tex.1969).

■ In summary, the cases above dictate the relationship of the judgment and the underlying cause in the following manner: (1) until judgment on the merits is rendered, a death of the party abates the cause and it must be dismissed; (2) after judgment is rendered, the cause does not abate upon the death of the party, but the judgment can be modified or withdrawn, or a new trial granted, during the period of the trial court's plenary power; and (3) the court of appeals has jurisdiction of the appeal after the death of a party if the divorce decree substantially affects the parties' property rights. *See Turner v. Ward,* 910 S.W.2d 500, 503–04 (Tex. App.—El Paso 1994, no writ).

In the case before us, it is clear that the court had not rendered judgment, orally or in memorandum form, prior to the death of Appellee. The case law is clear that the proper procedure is to abate and dismiss the divorce action. Appellant urged the court to abate and dismiss the action at several hearings after Appellee's death. In addition, the parties extensively briefed the issue for the court. The trial court erred in not abating and dismissing the action. For the reasons stated above, we sustain Appellant's Point of Error No. One. We need not address Appellant's remaining points of error. We therefore reverse the judgment of the trial court and remand the cause with instructions to dismiss the underlying action as moot. December 11, 1997