

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00027-CV
_____

IN RE:
TIMOTHY WAYNE NELSON

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Timothy Wayne Nelson has filed a petition for writ of mandamus requesting this Court to order the Honorable Amy M. Smith, the presiding judge of the County Court at Law of Hopkins County, Texas, to issue an order vacating her order dismissing his petition of divorce. In a prior appeal, this Court had granted Nelson a new trial pursuant to TEX. R. APP. P. 34.6(f) because, through no fault of the appellant, the record could not be prepared. *See In re Marriage of Nelson*, No. 06-08-00090-CV, 2008 Tex. App. LEXIS 8308 (Tex. App.—Texarkana Nov. 5, 2008, no pet.) (mem. op.). The trial court's order of dismissal states that the case was dismissed because Brenda Kay Nelson has died since this Court's opinion was issued.

Mandamus issues only when the mandamus record establishes 1) a clear abuse of discretion or the violation of a duty imposed by law and 2) the absence of a clear and adequate remedy at law. *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992). "The general rule in Texas is that a cause of action for divorce is purely personal and becomes moot and abates upon the death of either spouse." *Palomino v. Palomino*, 960 S.W.2d 899, 900 (Tex. App.—El Paso 1997, pet. denied); *McKenzie v. McKenzie*, 667 S.W.2d 568, 571 (Tex. App.—Dallas 1984, no writ); *Garrison v. Garrison*, 568 S.W.2d 709, 710 (Tex. Civ. App.—Beaumont 1978, no writ). Absent certain exceptions not present here, "[t]he proper procedural disposition of a divorce action when one of the parties dies is dismissal." *See Whatley v. Bacon*, 649 S.W.2d 297, 299 (Tex. 1983) (orig. proceeding); *Palomino*, 960 S.W.2d at 900. Due

to the death of Brenda Kay Nelson, the divorce proceedings are now moot. Because the trial court correctly dismissed the suit, the record does not establish a clear abuse of discretion.

We deny the petition for writ of mandamus.


Jack Carter
Justice

Date Submitted:     March 10, 2009
Date Decided:     March 11, 2009