In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00027-CV


______________________________




IN RE:


TIMOTHY WAYNE NELSON








 


Original Mandamus Proceeding









 
 



Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter








MEMORANDUM OPINION



 Timothy Wayne Nelson has filed a petition for writ of mandamus requesting this Court to
order the Honorable Amy M. Smith, the presiding judge of the County Court at Law of Hopkins
County, Texas, to issue an order vacating her order dismissing his petition of divorce. In a prior
appeal, this Court had granted Nelson a new trial pursuant to Tex. R. App. P. 34.6(f) because,
through no fault of the appellant, the record could not be prepared. See In re Marriage of Nelson,
No. 06-08-00090-CV, 2008 Tex. App. LEXIS 8308 (Tex. App.--Texarkana Nov. 5, 2008, no pet.)
(mem. op.). The trial court's order of dismissal states that the case was dismissed because Brenda
Kay Nelson has died since this Court's opinion was issued.

 Mandamus issues only when the mandamus record establishes 1) a clear abuse of discretion
or the violation of a duty imposed by law and 2) the absence of a clear and adequate remedy at law. 
Cantu v. Longoria, 878 S.W.2d 131 (Tex. 1994); Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex.
1992). "The general rule in Texas is that a cause of action for divorce is purely personal and
becomes moot and abates upon the death of either spouse." Palomino v. Palomino, 960 S.W.2d 899,
900 (Tex. App.--El Paso 1997, pet. denied); McKenzie v. McKenzie, 667 S.W.2d 568, 571 (Tex.
App.--Dallas 1984, no writ); Garrison v. Garrison, 568 S.W.2d 709, 710 (Tex. Civ.
App.--Beaumont 1978, no writ). Absent certain exceptions not present here, "[t]he proper
procedural disposition of a divorce action when one of the parties dies is dismissal." See Whatley
v. Bacon, 649 S.W.2d 297, 299 (Tex. 1983) (orig. proceeding); Palomino, 960 S.W.2d at 900. Due
to the death of Brenda Kay Nelson, the divorce proceedings are now moot. Because the trial court
correctly dismissed the suit, the record does not establish a clear abuse of discretion. 

 We deny the petition for writ of mandamus.


 Jack Carter

 Justice


Date Submitted: March 10, 2009

Date Decided: March 11, 2009



ontends the evidence was insufficient to show he either used or
exhibited any item that could be found to be a deadly weapon, that the trial court erred by
preventing counsel from making certain arguments at punishment, that the court erred by
failing to grant his motion to quash the indictment, and that the court should have granted
Nash's motion to appoint new counsel.
          Nash committed aggravated robbery if he committed "robbery as defined in Section
29.02, and he . . . use[d] or exhibit[ed] a deadly weapon . . . ." See Tex. Pen. Code Ann.
§ 29.03(a) (Vernon 2003). A "deadly weapon" is:
(A) a firearm or anything manifestly designed, made, or adapted for
the purpose of inflicting death or serious bodily injury; or
 
(B) anything that in the manner of its use or intended use is capable
of causing death or serious bodily injury.
Tex. Pen. Code Ann. § 1.07(17) (Vernon Supp. 2004–2005).
          Christensen testified Nash used an ice pick in the robbery. We have carefully and
repeatedly reviewed the store videotape, which the State argues shows Nash holding a
weapon. As we stated in our first opinion, the videotape does not reveal a weapon; 
certainly not conclusively. It is apparent Nash had something in his right hand, but what
it was cannot be discerned—and what is visible does not appear to be metallic or a
weapon. While the videotape's lack of a clearly visible weapon does not demonstrate that
no weapon existed, it is some evidence that there was no weapon or that whatever Nash
had in his hand was, due to its type or size, not deadly.
          In reviewing the legal sufficiency of the evidence, we view the relevant evidence in
the light most favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Johnson v.
State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In reviewing the factual sufficiency of the
evidence, we are required to determine whether, considering all the evidence in a neutral
light, the jury was rationally justified in finding guilt beyond a reasonable doubt. Zuniga v.
State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). 
          Nash focuses his argument on the adequacy of the proof that he used a "deadly
weapon" in the course of the robbery and on the question of whether the evidence shows
he used or exhibited the weapon during the course of the robbery. 
          Christensen testified she saw a pointed piece of metal in Nash's hand; that it
appeared to be a metal rod with a sharpened end that looked like an ice pick; that the
metal part of the item was a minimum of five inches long; that Nash came over the counter,
ordered her to open the register, put the tip against her body, and threatened her; and that
she was afraid for her life. 
          Steve Shelley, the investigating officer, testified that such an item could indeed
cause death or serious bodily injury and that in his opinion it was a deadly weapon. 
Though not clearly revealing a weapon, the videotape corroborates most of Christensen's
testimony and clearly demonstrates Nash's proximity to Christensen, his threatening
behavior toward her, and Christensen's fearful reactions.
          As we pointed out in our opinion in the first appeal, several factors are involved in
determining whether an object is capable of causing death or serious bodily injury: (1) the
physical proximity between the victim and the object, Tisdale v. State, 686 S.W.2d 110,
115 (Tex. Crim. App. 1984) (op. on reh'g); (2) the threats or words used by the assailant, 
Williams v. State, 575 S.W.2d 30 (Tex. Crim. App. [Panel Op.] 1979); (3) the size and
shape of the weapon, Blain v. State, 647 S.W.2d 293, 294 (Tex. Crim. App. 1983); (4) the
weapon's ability to inflict death or serious bodily injury, id.; and (5) the manner in which the
defendant used the weapon. Id. No single factor is determinative, and each case must
be examined on its own facts. Brown v. State, 716 S.W.2d 939, 946–47 (Tex. Crim. App.
1986). Either expert testimony or lay testimony may be sufficient to support a finding. 
English v. State, 647 S.W.2d 667, 668–69 (Tex. Crim. App. 1983). The weapon was not
in evidence in this case, but a jury may determine the weapon was capable of causing
death or serious bodily injury even if it is not in evidence. See id. at 669.
          There is evidence that the object was placed against the victim and that Nash
threatened to kill her, as well as testimony about the size and shape of the weapon, its
ability to inflict harm or death, and the threatening manner in which it was used. The jury's
duty is to weigh the evidence and determine the truth. The evidence set out above is both
legally and factually sufficient to allow a jury to conclude the item was a deadly weapon,
and also to show that the manner of its use could result in serious bodily injury. The
evidence to the contrary is not so strong as to require us to make a different determination. 
See Charleston v. State, 33 S.W.3d 96, 100 (Tex. App.—Texarkana 2000, pet. ref'd).
          Nash also complains because counsel was not permitted to argue the application
of the parole law. The record shows that Nash asked to read and explain a portion of the
statutorily required parole information charge to the jury. That charge went to the jury in
its entirety. Defense counsel wanted to read the specific portion that stated:
Under the law applicable in this case, if the defendant is sentenced to
a term of imprisonment, he will not become eligible for parole until the actual
time served equals one-half of the sentence imposed or 30 years, whichever
is less, without consideration of any good conduct time he may earn.

Counsel stated that he wished to use this as a basis to inform the jury specifically that
Nash would have to serve one half of any sentence the jury gave Nash, and that he was
not eligible for parole for at least half of the time assessed. 
          Although counsel's statement of the law is correct, and although it was given to the
jury in written form in the charge, Tex. Code Crim. Proc. Ann. art. 37.07 (Vernon Supp.
2004–2005), provides explicitly (after telling the jurors how to apply the parole law) that the
jury cannot consider the manner "in which the parole law may be applied to this particular
defendant." 
          To allow counsel to argue as requested would ask the jury to specifically consider
the law as to this particular defendant, which is by statute improper. We cannot conclude
that the trial court erred by restricting final argument in this manner. 
          Nash next contends the court erred by failing to grant his motion to quash the
indictment. Nash asked the trial court to quash the indictment because in this Court's prior
opinion, we had stated not only that we were reversing because of a failure to provide a
lesser included offense charge, but also because there was insufficient evidence to show
the greater offense. This is incorrect. We clearly stated that the evidence was sufficient
to support the jury's determination in that conviction. Counsel's argument is based on our
statement that we did not reach some issues because we were reversing on other
"grounds." Although the term is plural, it is a term of art often used in the plural for a
singular meaning. In our prior opinion, the actual ruling within the body of the opinion is
entirely clear, and the contention that the indictment should have been quashed because
we had foreclosed a portion of the charge has no merit. The contention of error is
overruled.
          Nash finally contends the trial court erred because it did not make proper inquiry into
an alleged conflict of interest between defendant and defense counsel, and because the
defendant's motion to appoint new counsel should have been granted. The record
contains nothing that would support such an inquiry. It appears Nash had brought a
grievance against trial counsel, but the grievance does not appear in the record, and
counsel states in his brief that he did not receive the written grievance until two weeks after
the trial was completed. In the absence of anything in the record to show such a conflict
of interest, there is nothing to support this contention of error. The contention is overruled.
          We affirm the judgment.

                                                                           Donald R. Ross
                                                                           Justice 

Date Submitted:      May 20, 2005
Date Decided:         July 11, 2005

Publish