

# NUMBER 13-18-00262-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MARIA G. RODRIGUEZ A/K/A
MARIA G. CASAREZ AND
ISMAEL CASAREZ SR.,                                    Appellants,

v.

DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE,
IN TRUST FOR REGISTERED
HOLDERS OF LONG BEACH
MORTGAGE LOAN TRUST 2004-2,
ASSET BACKED CERTIFICATES,
SERIES 2004-2,                                         Appellee.

On appeal from the County Court at Law No. 3
of Cameron County, Texas.

# MEMORANDUM OPINION

Before Justices Benavides, Perkes, and Tijerina
Memorandum Opinion by Justice Perkes

This is an appeal from a forcible detainer action concerning a residential property located in Cameron County, Texas. Appellants, Maria G. Rodriguez a/k/a Maria G. Casarez (Rodriguez) and Ismael Casarez, Sr., appeal a final judgment granting appellee, Deutsche Bank National Trust Company, as Trustee, in trust for Registered Holders of Long Beach Mortgage Loan Trust 2004-2, Asset Backed Certificates, Series 2004-2 (Deutsche), immediate possession of their previously foreclosed-on property.[1] By two issues which we have consolidated into one, Rodriguez argues that the trial court's judgment should be reversed because the "rules which apply when a party passes away were not followed" after her husband and co-defendant, Casarez, died. We affirm.

## I. BACKGROUND

On July 4, 2017, Deutsche purchased a home previously owned by Rodriguez and Casarez in a foreclosure sale. Deutsche began forcible detainer proceedings after Rodriguez and Casarez refused to vacate the premises. On September 25, 2017, a justice of the peace court awarded Deutsche immediate possession of the property. Rodriguez and Casarez appealed the judgment to the county court at law. According to Rodriguez, Casarez passed away on October 16, 2017, prior to the bench trial on the merits set on December 12, 2017.

However, Deutsche did not appear at the bench trial, and the trial court issued an order dismissing Deutsche's forcible detainer cause. Deutsche subsequently filed a Motion to Reinstate and Motion for New Trial, arguing that it had not received notice of

---

[1] Rodriguez's brief and an accompanying appendix claim Casarez is deceased and he passed before the trial court issued its judgment in favor of Deutsche. While this Court takes judicial notice of this adjudicative fact, *see* TEX. R. EVID. 201(b),(c),(f); *see also, e.g.*, *Office of Pub. Util. Counsel v. Public Util. Comm'n.*, 878 S.W.2d 598, 600 (Tex. 1994) (per curiam), we note that there was no suggestion of death filed, and Casarez's death is not mentioned in either the clerk's record or reporter's record. Neither party disputes that the trial court was unaware of Casarez's death.

the bench trial. On February 21, 2018, the trial court signed an agreed order (1) reinstating Deutsche's cause and granting Deutsche's request for new trial and (2) vacating its prior order of dismissal.

At a second bench trial on April 8, 2018, neither Rodriguez nor her counsel appeared. The trial court took judicial notice of the record and declared that proper notice had been effectuated to all parties. Based on evidence presented by Deutsche,[2] the trial court determined that Rodriguez was "a tenant at sufferance pursuant to the foreclosure" and awarded Deutsche the right to immediate possession of the at-issue property. Rodriguez appeals the trial court's judgment.

## II. ANALYSIS

Rodriguez appears to argue that we should reverse the trial court's judgment because a named defendant passed away during the pendency of the forcible detainer action, and the trial court did not "follow" the rules laid out in the "Texas Rules of Civil Procedure 150 *et seq.*"[3]

---

[2] Deutsche admitted two exhibits: the deed of trust and substitute trustee's deed, indicating that it had purchased the property at foreclosure.

[3] Rodriguez prays that we "reverse and remand the final judgment of the trial court," contending that the "judgment is void for lack of jurisdiction when it is entered against the legal representative of the deceased's estate without issuance and return of service of the writ of scire facias or appearance of the legal representative." However, Rodriguez's titled issues are: (1) "The trial court erred by granting a new trial in that the rules which apply when a party passes away were not followed"; and (2) "The trial court erred by not abating or staying the case until the probate [court] could grant the proper order so as to allow the Appellants to continue defending their case against the Appellees." The issues, though different in name, are duplicative in substance and will be accordingly treated jointly. The entirety of Rodriguez's first argument on appeal appears below:

> The uniqueness of this case is that it is for eviction and in the interim, the Defendant below passed away. Perhaps one may contemplate other actions which, due to the relationship within a party, there is a problem if one of the plaintiffs or one of the defendants dies.

> Perhaps one may compare it to a divorce case. The court in *Palomino v. Palomino*, 960 S.W.2d 899, 900–01 (Tex. Civ. App.—El Paso 1997, pet. denied), stated: ['] . . . the general rule in Texas is that a cause of action for divorce . . . becomes moot and abates upon the death of either spouse . . . . However, when a trial court has rendered judgment on the merits in a divorce case, the cause does not abate when a party dies, and the cause cannot

3

## A.    Suggestion of Death

When a defendant dies, the Texas Rules of Civil Procedure prescribe for action as follows:

> Where the defendant shall die, upon the suggestion of death being entered of record in open court, or upon petition of the plaintiff, the clerk shall issue a scire facias for the administrator or executor or heir requiring him to appear and defend the suit and upon the return of such service, the suit shall proceed against such administrator or executor or heir.
>
> . . . .
>
> Where there are two or more plaintiffs or defendants, and one or more of them die, upon suggestion of such death being entered upon the record, the suit shall at the instance of either party proceed in the name of the surviving plaintiffs or against the surviving defendants, as the case may be.

TEX. R. CIV. P. 152, 155.

A suggestion of death of a defendant serves to notify a trial court of the fact that a defendant died. *In re Coats*, 580 S.W.3d 431, 435 (Tex. App.—Texarkana 2019, no pet.) (citing *Hegwer v. Edwards*, 527 S.W.3d 337, 339 (Tex. App.—Dallas 2017, no pet.)). The legal consequence of that notice is the creation of a "jurisdictional defect," stripping the trial court over personal jurisdiction of the deceased defendant, and the case cannot

---

be dismissed.' *Pollard v. Pollard*, 316 S. W. 3d 246, 250–51 (Tex. Civ. App.—Dallas 2010, no pet.)[.] Also, there is no question that the suit may proceed. (Rule 150, Texas Rules of Civil Procedure.)[.] The Rules require an issuance of a scire facias and the case will continue. The court in *Roper v. CitiMortgage, Inc.*, No. 03-11-00887-CV (Tex. Civ. App.—Austin 2013, pet filed) stated: [']A suit revived by issuance of scire facias 'is merely a continuation of the original action, and the substituted party stands in the same shoes as the original party . . . [TRCP] 151 and 152 do not require the parties to plead or replead, and the legal representative of a decedent in a suit revived under those Rules is deemed to have adopted the pleadings of the decedent.[']

According to the final judgment signed on May 10, 2018, ['] . . . Defendants, being duly and properly served, appeared/failed to appear.'

Due to such inconsistencies, Appellant requests that this court grant this issue and remand the case to the trial court for further proceedings.

To the extent Rodriguez specifically seeks to claim, as prescribed in her title, that the trial court abused its discretion in issuing the agreed order for reinstatement and new trial, we find that issue has been inadequately briefed on appeal and is thus, waived. TEX. R. APP. P. 38.1(f), (i).

4

proceed against the named defendant "until jurisdiction is acquired over the legal representative of the deceased by service of scire facias." *Edwards*, 527 S.W.3d at 339; *see Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 390 n.2 (Tex. 1993). Scire facias "provides for substitution of any person or persons succeeding to the rights of the original party," and once a substitution has been effectuated, the original action may be revived. *In re Coats*, 580 S.W.3d at 435. Alternatively, the suit may proceed, absent the deceased defendant, against any surviving defendants. TEX. R. CIV. P. 155; *see In re Coats*, 580 S.W.3d at 436 (noting that "when a defendant dies, the trial court only loses personal jurisdiction over the deceased defendant, not subject-matter jurisdiction over the case").

## B. Application

On appeal to this Court, Rodriguez aptly notes the procedural requirements for scire facias, does not dispute that a suggestion of death was never filed, and does not refute Deutsche's claim that Rodriguez made no mention of her co-defendant's passing prior to her appeal. Rodriguez nonetheless argues the trial court's judgment and prior agreed order for new trial are void due to the trial court's failure to sua sponte stay proceedings or issue a writ of scire facias. However, Rodriguez provides us with no caselaw, and we find none, to support befalling such responsibility on a court lacking any notice of a party's death. Though a party's death raises jurisdictional quandaries, *see Edwards*, 527 S.W.3d at 339, Rodriguez is without standing to assert claims on Cazares's behalf,[4] and Cazares's death had no bearing on Deutsche's ability to proceed exclusively

---

[4] "[U]ntil the appropriate party is substituted for the deceased defendant, there is no one before the trial court with standing to move for [the asserted motion on behalf of the deceased]." *In re Coats*, 580 S.W.3d 431, 439 n.7 (Tex. App.—Texarkana 2019, no pet.).

against Rodriguez in a forcible detainer suit.[5]  *See* TEX. R. CIV. P. 155; *see also Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 919 (Tex. 2013) ("The only issue in a forcible detainer action is the right to actual possession of the premises." (quoting *Marshall v. Hous. Auth. of the City of San Antonio,* 198 S.W.3d 782, 785 (Tex. 2006))).

In accordance with Rule 155, even where no suggestion of death was filed, Deutsche was permitted to proceed against Rodriguez, the surviving defendant. *See* TEX. R. CIV. P. 155; *In re Coats*, 580 S.W.3d at 435–36; *see, e.g., First Nat. Bank in Dall. v. Hawn*, 392 S.W.2d 377, 379 (Tex. App.—Dallas 1965, writ ref'd n.r.e.) ("When one of the defendants died during pendency of the suit[,] appellee had the right . . . to have suggestion of death entered on the record and then either have the representative of the deceased defendant brought in by scire facias *or proceed against the surviving defendant.*"); *see also Norberg v. Ameel*, No. 13-18-00165-CV, 2019 WL 6906559, at *1 n.1 (Tex. App.—Corpus Christi–Edinburg Dec. 19, 2019, pet. filed) (mem. op.). Therefore, the judgment, as it pertains to Rodriguez, is valid, and we overrule Rodriguez's sole issue on appeal.

### III.  CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Delivered and filed the
2nd day of April, 2020.

---

[5] Such an action "is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property" and does not implicate questions of title. *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 919 (Tex. 2013).