HOWARD JENSEN, Respondent, *v.* THE UNION RAILWAY COMPANY OF NEW YORK CITY, Appellant.

First Department, February 24, 1933.

*Alfred T. Davison* of counsel [*Victor McQuistion* and *Addison B. Scoville* with him on the brief; *Alfred T. Davison*, attorney], for the appellant.

*Louis W. Arnold, Jr.*, of counsel [*Edward W. Beattie, Philip E. Barnard* and *Mortimer Reimer* with him on the brief; *Louis W. Arnold, Jr.*, attorney], for the respondent.

TOWNLEY, J. The appellant on a former appeal to this court elected to treat the proceedings upon which this judgment is based as an inquest taken upon its default in appearing. The order which was presented for review was an order which had opened such default. This order, in view of the defendant's flagrant disregard of the rules governing calendar practice in this department and the failure to state facts indicating that there was any defense, was reversed (*Jensen* v. *Union R. Co.*, 235 App. Div. 786). A judgment was thereafter entered and an appeal was taken direct to the Court of Appeals from that judgment and from the intermediate orders. That appeal was dismissed (*Jensen* v. *Union R. Co.*, 260 N. Y. 1). Appellant now seeks a review of such judgment by this court upon the theory that the proceedings had before the trial justice amounted to a trial and that the judgment entered thereon is reviewable by this court.

The proceedings upon which this judgment is founded did not in fact amount to a trial. The defendant made its application for an adjournment and when this was denied retired and took no part in the further proceedings before the court. No appearance was entered on the minutes. No motion was made, and no exceptions were taken on the record. The facts are entirely unlike those presented in *Citizens Trust Co.* v. *Prescott & Son, Inc.* (221 App. Div. 426). In that case, the counsel appearing for the defendant had taken part in the actual proceedings after his application for an adjournment had been denied and after the actual trial had been commenced. There was no such participation by the representative of the defendant in this case and in fact there

could have been none because, as was conceded on the argument before us, the only representative of the defendant in court was a man who was not a lawyer. The judgment before us, being a judgment by default, is not appealable under subdivision 1 of section 557 of the Civil Practice Act, and the appeal therefrom must be dismissed (*Jensen* v. *Union R. Co.*, *supra*).

The order appealed from which denied a motion made by defendant to vacate and set aside the judgment entered after the supposed trial and for a new trial under section 442 of the Civil Practice Act must be affirmed. The ground for reversal urged is that the justice after the hearing failed to make and file a formal written decision containing appropriate findings of fact and conclusions of law. Since the proceedings before the court constituted an inquest, no findings were necessary.

The appeal from the judgment should be dismissed, with costs, and the order appealed from should be affirmed, with twenty dollars costs and disbursements.

FINCH, P. J., MARTIN and O'MALLEY, JJ., concur.

Appeal from judgment dismissed, with costs to the respondent. Order appealed from affirmed, with twenty dollars costs and disbursements.