LOUIS DAVIS, Individually and as Administrator, etc., of CLAUDIA S. ROSS, Deceased, Appellant, v. MILTON J. ROSS (Also Known as JUDSON ROSS, Also Known as M. JUDSON ROSS), RUTH WARREN ROSS and ALEXANDER SLATER, Respondents, Impleaded with FRED M. PENN, Also Known as FRED ROSS, Defendant.

Second Department, May 27, 1940.

*Bernard Gordon* [*Henry A. Panoff* and *Bessie Reiser* with him on the brief], for the appellant.

*Morton R. Tolleris,* for the respondents Milton J. Ross and Ruth Warren Ross.

*Sidney S. Bobbé,* for the respondent Alexander Slater.

CARSWELL, J. An action based on fraud, brought by Louis Davis against Milton J. and Claudia S. Ross, was reached for trial on April 18, 1932. Defendants' counsel sought an adjournment, which was denied. An inquest was then had. Plaintiff waived

a jury and a decision by moving for a direction of a verdict as if a jury were present. The court, after hearing the evidence, directed a verdict for Davis, but stayed the entry of judgment pending a motion to open the default. On April 29, 1932, the Special Term granted defendants' motion to open the default on certain conditions, which were not met. On May 5, 1932, without a further stay, defendants moved for further relief, which was later denied. On May 7, 1932, Claudia S. Ross committed suicide, leaving surviving her codefendant husband, Milton J. Ross, and Fred M. Penn, or Ross, a son by a former husband. On June 3, 1932, a judgment was entered for plaintiff Davis, based on the directed verdict.

Later Davis ascertained that Mrs. Ross, when she died, had an interest in her father's estate, and that without administration in the State of New York about $36,000 had been paid therefrom to Fred Ross, to Ruth W. Ross, a second wife and assignee of Milton J. Ross, and to Alexander Slater. Davis then moved as a judgment creditor in the Surrogate's Court of New York County for appointment as administrator of the estate of Claudia S. Ross, deceased. He did so on notice to the son and husband of decedent. They contested the application on the ground that plaintiff's judgment was void. The court granted administration to Davis.

On January 30, 1937, Davis, individually and as administrator of the estate of Claudia S. Ross, brought this action to reach the payment to the defendants from the estate of Mrs. Ross' father and to apply the same as an asset of the estate of Mrs. Ross to the satisfaction of plaintiff's judgment. He set out five causes of action in the complaint; two as administrator and three individually. After joinder of issue the appealing defendants appeared at the trial. They moved to dismiss the complaint, on the ground, *inter alia*, that the judgment was void. To meet other objections advanced, plaintiff moved to amend his complaint. Instead of acting upon these motions the trial court referred the parties to Special Term. The plaintiff then made a motion for leave to amend his complaint and the defendants made cross-motions for summary judgment. The Special Term denied the motion to amend the complaint and granted defendants' motions for summary judgment. From the orders and judgments entered pursuant thereto plaintiff appeals.

The basic question here involves the validity of the default judgment. Defendants assert that when the inquest was had there was no " verdict, report or decision " obtained by plaintiff before the defendant Claudia S. Ross committed suicide, and hence a valid judgment could not be entered under section 478 of the Civil Practice Act. They predicate this contention on the

claim that there could be no direction of a verdict of a jury when a jury was not physically present and they assert it does not sufficiently appear that a decision was waived. The purpose of section 478 of the Civil Practice Act is to permit the entry of a judgment where the merits of a controversy have, in substance, been passed upon before the death of the party against whom judgment is sought. If they are decided before such a death, the section authorizes the merely clerical act of entering the judgment. Here the merits were determined before the entry of the judgment, unless plaintiff was not free on the inquest to waive a jury and have a direction of a verdict by the court. We are not concerned with the practice on a trial of a contested issue; we are concerned with the practice on a default in appearance at a trial, with a resultant inquest, where the proof was completed and a determination had before the death of the party against whom judgment was sought.

When defendants Ross defaulted on the trial, they waived a jury trial. (Civ. Prac. Act, § 426, subd. 1.) When plaintiff in open court waived a jury trial and moved for a direction of a verdict as if a jury were present, his waiver was effectual. (Civ. Prac. Act, § 426, subd. 3.) At that stage only plaintiff had a right to be heard on the inquest as to whether there should be a jury trial or a decision. In the absence of interdiction by constitutional provision, statute or rule, parties may make their own practice. (*Matter of Malloy*, 278 N. Y. 429, 433; *Crouse* v. *McVickar*, 207 id. 213, 218; *Matter of N. Y., L. & W. R. R. Co.*, 98 id. 447, 453.) There is no such restriction respecting a law action in the event of a default on a trial. Such prohibitions as there are relate to matrimonial actions. Parties may have a direction of a verdict with the same force and effect as if a jury were physically present. (*Franklin Sugar Refining Co.* v. *Lipowicz*, 220 App. Div. 160; affd., 247 N. Y. 465; *Glanzer* v. *Shepard*, 233 id. 236, 242; *Adams* v. *Roscoe Lumber Co.*, 159 id. 176, 180.) The validity of a default judgment in a tort action has been sustained where, on the inquest, no jury was present and no decision was made because it was waived, there being merely a directed judgment by the court. (*Jensen* v. *Union Railway Co.*, 237 App. Div. 655; certiorari denied, 289 U. S. 761.)

The recital in the judgment established *prima facie* what occurred on the inquest (*O'Connor* v. *Huggins*, 113 N. Y. 511; *Maples* v. *Mackey*, 89 id. 146) — that a jury and a decision were both waived and that a verdict was directed. There is no showing to the contrary; the extract from the clerk's minutes is not inconsistent with the recital in the judgment. A decision is not necessary in this

type of action where judgment is obtained by default. (3 Freeman on Judgments [5th ed.], § 1293.) Accordingly, plaintiff had a "verdict" on April 18, 1932, prior to the death of Claudia S. Ross on May 7, 1932, and, therefore, section 478 of the Civil Practice Act authorized the entry of judgment thereon on June 3, 1932. The judgment, therefore, was valid.

These views make it unnecessary to determine whether the decree of the Surrogate's Court in a proceeding *in rem* for the appointment of an administrator of the estate of the deceased, where the validity of the judgment was contested, was conclusive and not subject to collateral attack.

The questions raised as to the sufficiency of the complaint may be decided summarily. The first two causes of action brought by plaintiff as administrator are sufficient; certainly in the form proffered on the motion to amend the complaint. That motion should have been granted on the trial since there was no plea of surprise interposed by the defendants. Plaintiff should, therefore, be permitted to amend his complaint as of course, the rule applicable being that of utmost liberality.

The third cause of action brought by plaintiff individually and claimed to be predicated on section 170 of the Decedent Estate Law, is insufficient as against the defendants Ruth W. Ross and Alexander Slater. They are not next of kin of the decedent — hence the facts in this count may not be invoked against them under that statute.

The fourth cause of action brought by plaintiff individually and claimed to be based on section 19 of the Personal Property Law, is insufficient as to all the defendants because the latter part of that section may be invoked only by a creditor in a representative capacity. It may be amended, if plaintiff be so advised, in the amended complaint now permitted to be served, although the relief sought thereunder may be redundant in view of the other causes of action, if the proof warrants any relief.

The fifth cause of action founded on a valid judgment is sufficient on its face.

The orders granting defendants' motions to dismiss the complaint and for summary judgment and the judgments entered thereon should be reversed on the law and the facts, with ten dollars costs and disbursements against respondents Ross, and also against respondent Slater, and the motions should be denied, with ten dollars costs against respondents Ross, and also against respondent Slater.

The order denying plaintiff's motion for leave to amend the complaint should be reversed on the law and the facts, with ten

dollars costs and disbursements, and the motion should be granted, without costs, on condition that the date of issue remain unchanged, the amended complaint to be served within ten days from the entry of the order hereon.

The appeal from the order denying plaintiff's motion for a review of the taxation of costs should be dismissed as academic, without costs.

LAZANSKY, P. J., JOHNSTON, ADEL and CLOSE, JJ., concur.

Judgment, etc., accordingly.