444 P.2d 62

**Lollie D. ORTON, Plaintiff and Respondent,**

v.

**William B. ADAMS et al., Defendants and Appellants.**

**No. 11074.**

Supreme Court of Utah.

July 29, 1968.

Sam Cline, of Cline, Jackson & McCoy, Milford, for appellants.

Patrick H. Fenton, Cedar City, for respondent.

ELLETT, Justice:

During his lifetime William B. Adams made deeds of his property wherein he named his children as the grantees of various parcels of land. He did this in order to avoid probate costs when he died. However, as the trial court found, he never delivered the deeds. The respondent obtained a judgment in tort against William B. Adams on September 19, 1958, and the children, appellants herein, without authority from their father got possession of the deeds thereafter and had them recorded. In 1964 the respondent instituted the present suit to renew the judgment and to set aside the purported transfers of real property to the children.

By order dated March 24, 1966, a summary judgment was granted to respondent against William B. Adams in the amount of

$11,850.84 and costs. Thereafter, to wit, on June 1, 1966, William B. Adams died, and the issues between the respondent and the appellants were fully tried on April 3, 1967. After making findings of fact and conclusions of law, the trial judge rendered judgment against the appellants, and in that judgment he incorporated the summary judgment which he had theretofore given against William B. Adams, deceased, with interest to the date of the signing of the judgment.

We need not decide whether there was error in the judgment insofar as Mrs. William B. Adams is concerned, for she permitted a default judgment to be taken against her and has not appealed therefrom.

The appellants claim that the court erred in two respects: first, in signing a judgment against William B. Adams after Adams' death; and, second, in attempting to impose a lien upon land when no lien existed.

At common law all proceedings in a lawsuit were arrested by the death of a party. If either party died before judgment, no judgment could be entered, and the suit abated. If the defendant died after judgment, no execution could be issued. However, the judgment could be revived by a writ of scire facias. See Brown v. Parker, 15 Ill. 307 (1853). The reason why an execution could not issue was because it would be against new parties and would not harmonize with the record.

The common law rule was modified by Statute 17 Charles II, Chap. 8, which provided that the death of either party after verdict and before judgment could not be alleged for error and that judgment should be entered as though the party were alive, provided it should be entered within two terms after verdict. This statute was made perpetual by 1 James II, Chap. 17, § 5 (30A Am.Jur., Judgments, § 79).

■ Section 6866, Compiled Laws of Utah 1917, modified the common law rule in Utah as follows:

> If a party dies after a verdict or decision upon any issue of fact, and before judgment, the court may nevertheless render judgment thereon. *Such judgment is not a lien on the real property of the deceased party, but is payable in the course of administration of his estate.* [Emphasis added.]

This section was last compiled in Utah Code Annotated 1943 as Sec. 104–30–13; and while it is not to be found in the Utah Code Annotated at the present time, the last sentence is still the law of this state. The reason why the compilers of our code failed to include that part of the section in the most recent codification of our laws was doubtless due to an oversight in failing to

note the difference between substantive and procedural law.

By statute, Chapter 33, Laws of Utah 1943, and again by Sec. 104–2–4, Chapter 58, Laws of Utah 1951, the legislature of this state recognized the right of the Supreme Court to adopt rules for procedure in the courts of this state. Among other things, the statutes cited have this common language: "Upon promulgation the supreme court shall fix the date when such rules shall take effect and thereafter *all laws in conflict therewith providing for procedure in courts only* shall be of no further force and effect." [Emphasis added.]

This court promulgated Rule 58A(d) effective January 1, 1950, in identical language to the first sentence of Sec. 6866 as set out above. The compiler's note recognizes that the first sentence deals with procedure while the last sentence is a matter of substantive law. That note is as follows:

> * * * Taken from our Code Section 104–30–15,[1] first sentence. The last sentence of that section providing that such judgment shall not be a lien on the real property of the deceased party was omitted because it was considered substantive and would automatically remain the law. * * *

■ The statute which creates the lien of a judgment (78–22–1, U.C.A.1953) provides that a judgment becomes a lien upon the real property of a debtor from the time it is docketed in the county where rendered and a lien upon the debtor's real property in other counties from the time a transcript of the judgment is filed in the office of the clerk of the district court of such other county. Thus it is seen that it is not the judgment but the docketing thereof which creates the lien.

Over 2,000 acres of the land in question were not in the county where the judgment was rendered. The record does not show that a transcript of the judgment was ever filed in the office of the clerk of the district court in the county where the land lies. It does not seem possible that a transcript of judgment could be filed in another county at the instant of signing of the original judgment.

■ The lien created by the original judgment expired on September 19, 1966, which was eight years from the time it was docketed. This was before the new judgment was rendered, and the new judgment having been rendered after the death of William B. Adams, the judgment debtor, no lien was thereby created.

In the case of Free v. Farnworth, 112 Utah 410, 188 P.2d 731 (1948), at pages 415–416 of the Utah Reports, at page 734 of 188 P.2d it is said:

> The third point argued is that the judgment, lien automatically expired

---

1. The citation is in error and should be 104–30–13.

while this case was pending on appeal from the erroneous judgment, notwithstanding such judgment, until reversed, operated to abrogate the judgment lien. Appellants say that the judgment lien continues only for 8 years, and that no exceptions are stated in Sec. 104–30–15, U.C.A.1943, R.S.U.1933, and that levy of execution must be made within 8 years after entry of judgment in view of Secs. 104–37–1 and 6, U.C.A.1943, R.S.U.1933. Such statements are categorically true as general propositions of law where a judgment debtor does not interfere with levy of execution.

\*   \*   \*   \*   \*   \*

\* \* \* The lien of a renewal judgment attaches only from the date of the entry of the renewal judgment, and does not relate back to the date of entry of the judgment thus renewed nor extend the lien of the first judgment. \* \* \*

The judgment is reversed insofar as it attempts to create a lien upon the real property but is affirmed in all other respects. The respondent is awarded his costs.

CROCKETT, C. J., and CALLISTER, J., concur.

TUCKETT and HENRIOD, JJ., concur in the result.