**Bonnie Jean McKENZIE, Appellant,**

v.

**Donald William McKENZIE, Appellee.**

No. 05-82-00635-CV.

Court of Appeals of Texas, Dallas.

Jan. 13, 1984.

Mary-Anne York, Gerald R. Powell, Rebecca L. Burt, Vial, Hamilton, Koch, Tubb & Knox, Dallas, for appellant.

Robert M. Greenberg, Dallas, for appellee.

Before STOREY, VANCE and SHUMPERT, JJ.

SHUMPERT, Justice.

This is an appeal from a dismissal of a divorce proceeding. The central question is whether the issue of the existence of a common-law marriage is justiciable in the absence of a divorce proceeding or other legal proceeding necessitating the determination of whether a common law marriage exists. We hold that it is not, and affirm the trial court's judgment.

Appellant Bonnie McKenzie (Bonnie) sued Donald McKenzie (Donald) for divorce. The case was divided into three separate issues: (1) the existence of a common-law marriage between the parties, and if a marriage was found to exist, (2) whether a divorce should be granted, and (3) how the parties' estate should be divided. The issue of the existence of a common-law marriage was submitted to a jury, which answered that Bonnie and Donald were married on October 11, 1977, and that a common-law marriage did exist at the time of trial. The jury was dismissed, and because the parties were attempting to negotiate a property settlement, the judge scheduled a later hearing on the divorce and property division issues.

Donald died of a gunshot wound in the head, however, and the divorce and property division issues were never litigated. Bonnie filed a motion for judgment on the jury's verdict that a marriage existed and a plea in abatement. On April 2, 1982, the trial court overruled Bonnie's motion for judgment on the verdict and plea in abatement, and dismissed the case.

Bonnie seeks a reversal of the dismissal and entry of a judgment on the jury finding that a common-law marriage existed. Her practical aim is to avoid relitigating the common-law marriage question in probate proceedings.

Bonnie initially contends that the trial court erred in failing to enter a judgment on the jury's verdict that the parties were married, because the issue was separate and distinct from the divorce and property division cause of action, and TEX.R.CIV.P. 156 requires the court to render judgment when a party in a jury case dies between verdict and judgment. She argues that the common-law marriage issue was a separate and distinct cause of action because it involved facts and elements different from those which would have been considered in the divorce action, and further, that the issue was a severable claim that could have

been, and was tried and determined, as though it was the only claim in controversy. The question here, is whether the common-law marriage issue was justiciable in the absence of a divorce proceeding or other legal proceeding necessitating a determination of whether a common law marriage existed. We disagree with Bonnie's contentions and hold that it was not justiciable.

Parties' legal rights must be adjudicated for a reason as courts do not function to determine questions not essential to the decision of an actual controversy, although such questions may, in the future, require adjudication. *Firemen's Insurance Co. of Newark, New Jersey v. Burch*, 442 S.W.2d 331, 333 (Tex.1968), *Overton v. City of Houston*, 564 S.W.2d 400 (Tex.Civ. App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.). This cause was brought as an action for divorce. One of the initial matters to be proved in any divorce action is that the parties are legally married, *Gray v. Gray*, 286 S.W.2d 223 (Tex.Civ.App.—Austin 1955, no writ), and that was what the jury here determined. At the time of trial, the common-law marriage issue had to be litigated because a determination that there was no marriage would have meant there could be no divorce. Nevertheless, the fact that the jury's determination of a fact issue involved "facts and elements different from those which would have been considered later in the lawsuit," does not elevate the fact issue to the status of a cause of action. At the time of trial, no relief would have been available to Bonnie had the issue of the common-law marriage been tried in a vacuum. Without the existence of the divorce action or another existing controversy which that determination would affect, the determination that a common-law marriage existed was meaningless. We hold, therefore, that the common-law marriage issue was not a separate cause of action.

Furthermore, severance of a claim is proper, only where the suit involves two or more separate and distinct causes of action, each of which might constitute a complete lawsuit within itself. TEX.R.

CIV.P. 41; *Kansas University Endowment Association v. King*, 162 Tex. 599, 350 S.W.2d 11, 19 (1961); *St. Paul Insurance Co. v. McPeak*, 641 S.W.2d 284, 289 (Tex.App.—Houston [14th Dist.] 1982, no writ). We have held that the issue of the existence of a common-law marriage by itself does not constitute a complete lawsuit, therefore, the issue is not properly severable.

Donald's death then abated the divorce action. *Parr v. White*, 543 S.W.2d 445 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). Because no separate cause of action existed, the judge properly refused to enter judgment upon a determination of the common-law marriage issue, a finding upon which a judgment could not be rendered.

Bonnie also contends that TEX.R. CIV.P. 156 requires that a judgment be entered on the jury's verdict. Rule 156 provides:

When a party in a jury case dies between verdict and judgment, or a party in a non-jury case dies after the evidence is closed and before judgment is pronounced, judgment shall be rendered and entered as if all parties were living.

Bonnie cites several other jurisdictions' interpretations of similar statutes in support of her position. She cites *Davis v. Ross*, 259 App.Div. 577, 20 N.Y.S.2d 375 (1940) for the proposition that pursuant to N.Y. Civ.Prac.R. 5016(d) (McKinney Supp. 1964–83), a trial court was authorized to enter judgment on a verdict rendered prior to the death of a party. That rule provides:

No verdict or decision shall be rendered against a deceased party, but if a party dies before entry of judgment and after a verdict, decision or accepted offer to compromise pursuant to Rule 3221, judgment shall be entered in the names of the original parties unless the verdict, decision or offer is set aside. This provision shall not bar dismissal of an action or appeal pursuant to section 1021.

In that case, the court stated that the purpose of that section is to permit the entry

of a judgment where the merits of a controversy have, in substance, been passed upon before the death of the party against whom judgment is sought. If the merits are decided before death, the section authorizes the merely clerical act of entering a judgment. *Davis,* 20 N.Y.S.2d at 378. Here, the cause of action was for divorce. Bonnie had proved one element of the divorce case, that they were in fact married. The merits of the case had not been reached because the court had not adjudicated the divorce nor divided the property. Entry of a judgment would not require a merely clerical act as was the case in *Davis.*

In the bizarre case of *Thrash v. Thrash,* 385 So.2d 961 (Miss.1980), a chancellor determined all issues on the merits in a divorce case on March 31, 1978, and rendered his decision by written opinion which he signed and filed with the clerk on April 1, 1978. The lawyers were notified and a divorce decree was drafted, approved by both lawyers, and sent to the chancellor for signature. The decree was received by the chancellor on Saturday, April 8, 1978, and signed by him on that date. He dated the decree April 10, 1978, however, which was the following Monday. The husband, Jimmy Dale Thrash, was killed in an accident on Sunday, April 9, 1978. The court cited MISS.CODE ANN. § 11–725 (1972) which provides:

> ... Where either party shall die between verdict and judgment, such death need not be suggested an abatement, but judgment may be entered as if both parties were living....

The court upheld the divorce because the final adjudication of the issues was completed during the lifetime of the successful litigant and the final decree was signed by the chancellor prior to the husband's death. The chancellor's intention to file it on Monday, a date after the death, could not have the effect of rendering the judgment a nullity. Bonnie argues that entry of a judgment is appropriate here, as in *Thrash,* because in each instance the issues were fully litigated. Once again, in *Thrash,* the merits of the case had been fully decided

and all that remained was the clerical entry of a judgment. Here, that was not the case.

Bonnie also cites *Orton v. Adams,* 21 Utah 2d 245, 444 P.2d 62 (1968) in support of her position. In *Orton,* a summary judgment was rendered against Adams on a portion of a lawsuit. Adams died, and the remainder of the lawsuit was litigated against his descendants. After making findings of fact and conclusions of law, the trial judge rendered a judgment incorporating the summary judgment against Adams pursuant to section 6866, Compiled Laws of Utah 1917. That section stated:

> If a party dies after a verdict or decision upon any issue of fact, and before judgment, the court may nevertheless render judgment thereon.

We decline to rely on *Orton* for guidance for two reasons. First, there is no description in the case of the ground on which the summary judgment was rendered. If it were a properly severable cause of action, the case is distinguishable on that basis. Second, the statute there says judgment may be rendered on an issue of fact. The language of TEX.R.CIV.P. 156 is very different.

If we accepted Bonnie's argument under Rule 156, we would be ordering the trial court to render a judgment strictly because a party died, in a case in which a judgment may not properly be rendered. Rule 156 was not intended to apply in a case such as this, where the only verdict is on special issues, the answers to which do not facilitate giving relief in a cause of action upon which a judgment may be rendered. Appellant's first point of error is overruled.

■ In appellant's second point of error, she contends the court erred in dismissing the case as moot because the issue of whether a common-law marriage existed was not rendered moot by the death of her husband. We disagree. The general rule in Texas is that a cause of action for divorce is purely personal and becomes moot and abates upon the death of either spouse. *Garrison v. Garrison,* 568 S.W.2d 709

(Tex.Civ.App.—Beaumont 1978, no writ); *Garrison v. Texas Commerce Bank,* 560 S.W.2d 451, 453 (Tex.Civ.App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.); *Garrison v. Mead,* 553 S.W.2d 25 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ); *Parr v. White,* 543 S.W.2d 445 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). Bonnie contends that despite this rule, judgment should be entered in her favor based on the jury finding that a common-law marriage existed. We disagree.

■ Bonnie cites *Verret v. Verret,* 570 S.W.2d 138 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ), for the proposition that if property rights of the parties would apparently be significantly affected depending on whether the marriage was terminated by death or divorce, the case is not moot. In *Verret,* the trial court pronounced judgment granting the divorce, dividing the community property of the parties, and providing for the support and conservatorship of the minor child. Before a written decree and judgment were signed, the husband died. The trial court's dismissal of the case as moot was reversed and the case remanded for entry of judgment. The court there stated that if the property rights of the parties would apparently be significantly affected depending on whether the marriage was terminated by divorce or death, the case is not moot. *Verret,* 570 S.W.2d at 140; *See Dunn v. Dunn,* 439 S.W.2d 830 (Tex.1969).

*Verret* is distinguishable from this case on its facts. In *Verret,* judgment had been pronounced, property divided, and arrangements for support and conservatorship of a minor child ordered. All that remained were ministerial acts, the drawing up of a decree, and the signing of a judgment. The court there stated that the oral decree was a final judgment dispositive of all of the issues. *Verret,* 570 S.W.2d at 140.

Here, the only matter determined was that the parties were married. The actual "divorce" issues had not even begun to be litigated, much less any kind of final judgment rendered. The common law marriage finding was a fact issue to be decided, but

its determination does not constitute deciding the merits of the divorce action. Once again, we return to the fact that a judgment cannot be entered because there is no separate and distinct cause of action.

While it is true that property rights will be significantly affected depending on whether the marriage was terminated by divorce or death, *Verret,* 570 S.W.2d 138, that fact does not permit entry of a judgment where one is not otherwise obtainable. For Bonnie, the common law marriage issue is not moot, but her cause of action for divorce did become moot upon Donald's death and was properly dismissed. *Parr,* 543 S.W.2d at 445. Appellant's second point of error is overruled.

The judgment is affirmed.