Memorie CAIN, Appellant,

v.

Faye Donette Todd
WHITLOCK, Appellee.

No. B14–86–863–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 22, 1987.

Rehearing Denied Oct. 22, 1987.

---

David K. Sergi, Luther H. Soules, III, Ken Wayne Anderson, San Antonio, for appellant.

James W. Bradford, Jr., Angleton, for appellee.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

The opinion of September 3, 1987 is withdrawn and this opinion is substituted therefor.

This is an appeal from a judgment declaring appellee the common-law wife of Richard Glen Whitlock (deceased) and, additionally naming her administratrix of his estate over the objection of the appellant who was the natural mother of the deceased. We affirm.

The relationship between the deceased, Richard Glen Whitlock, and the appellee started in early May of 1986 when appellee was still married to another. Despite disputed testimony as to the extent of their relationship, the deceased began to live with appellee sometime in early June 1986. Appellee testified that sometime in June 1986, she agreed to be the decedent's wife. Both of these events occurred prior to appellee's divorce on July 15. The relationship continued until the deceased's death in an accident on August 30, 1986. They were together in San Antonio with appellee's children when the accident occurred.

Appellant filed a motion in limine to exclude the appellee and Rhea Whitlock, the decedent's father, from testifying as to oral statements made by the deceased. This motion and a motion to transfer venue were both overruled. The appellant brings eight points of error primarily concerning three issues.

In her fifth point of error, appellant alleges the trial court erred in allowing the appellee and the deceased's father to testify concerning oral statements made by the deceased. It is claimed that such statements violate Rule 601(b) of the Texas Rules of Evidence, popularly known as the "Dead Man's Statute." This statute does not apply here. It is limited to actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such. This is a suit seeking an appointment as executrix and for determination of heirship. In *Smith v. Smith*, a case with similar facts, it was held that a proceeding for the appointment of an administrator is not an action by or against executors and the Dead Man's Statute did not apply. 257 S.W.2d 335, 338 (Tex.Civ.App.—Waco 1953, writ ref'd n.r.e.). In addition, this is a suit to determine whether appellee was the common-law wife of the deceased. Great difficulty could result in proving whether a common-law marriage was created without allowing testimony as to the oral statements of the deceased purported spouse. Also, Rule 601(b) excludes only evidence of this type that is uncorroborated. The testimony here was corroborated. Consequently, this evidence was admissible regardless of whether the Dead Man's Statute was applicable. The fifth point of error is overruled.

The appellant complains, in her first four points of error, that there is no evidence to support the court's finding of a common-law marriage and, alternatively, that the evidence is factually insufficient. The evidence is to the contrary.

The statutory requirements for establishing a common-law marriage are (1) the parties agree to be married, (2) after the agreement they live together as husband and wife, and (3) they represent to others that they are married. Tex.Fam. Code Ann. § 1.91(a) (Vernon 1975). In reviewing a "no evidence" point, the court must consider only the evidence and reasonable inferences therefrom which, viewed in their most favorable light, support the trial court's judgment, and must disregard all evidence and inferences to the contrary. *Estate of Claveria v. Claveria*, 615 S.W.2d 164, 166 (Tex.1981). There is testimony not only from the appellee but also from the deceased's father and other lay witnesses which supports the judgment. There is clearly sufficient evidence.

Appellant has also alleged that the evidence is factually insufficient to support the trial court's judgment. To sustain a factual insufficiency point, it must be determined that the finding is so contrary to the great weight and preponderance of the evidence that to uphold it would be manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951). The trial court found the evidence in favor of the appellee. These findings are supported by the evidence. Points of error one through four are overruled.

The appellant also complains that the trial court erred in overruling her motion to transfer venue. This motion was not made until after the trial had begun. The court had heard one full day of testimony, including all of the appellee's case and two of the appellant's defense witnesses. Consequently, this motion was not timely filed. By announcing ready, cross-examining the plaintiff's witnesses, and starting to present her own case, the appellant waived any right she might have had to have the case transferred and therefore submitted herself to the jurisdiction of the court. Had the motion been timely appellant could have had the case removed from the county court to the county court at law under Tex.Prob.Code Ann. § 5(c) (Vernon Supp.1987). However, due to the untimeliness of the motion, the trial court acted within its authority. The sixth and seventh points of error are overruled.

In her last point of error, appellant complains that the trial court erred in appointing Faye Donette Todd Whitlock as administratrix of the estate of Richard Glen Whitlock, deceased. Since she was found to be the common-law wife, it cannot be said that this action of the trial court was improper. Point of error eight is overruled.

The judgment of the trial court is affirmed.