Ralph L. BRADLEY, Personal Representative of the Estate of Morgan Marion Merrill, Deceased, Relator,

v.

The Honorable Bob ROBERTSON, Judge, 308th Judicial District, Harris County, Texas, Respondent.

No. B14–92–00095–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 25, 1992.

**200**

Bill De La Garza, for Houston, for relator.

John D. Payne, Cletus A. Davis, John F. Nichols, Leslie Werner de Soliz, Houston, for respondent.

Before PAUL PRESSLER, MURPHY and CANNON, JJ.

OPINION

PAUL PRESSLER, Justice.

This petition for writ of mandamus challenges an order entered by respondent denying relator's Motion to Dismiss the underlying cause styled *In the Matter of the Marriage of C. Damon Merrill and Morgan Marion Merrill and in the Interest of Michael Kyle Merrill, a Minor Child in the 308th Judicial District Court of Harris County, Texas.* Relator requested a dismissal on the grounds that the death of Mr. Merrill, which occurred prior to any final order disposing of any issues in the case, abated the underlying cause of action. In this original proceeding, relator asks this court to order respondent to vacate his prior ruling and to dismiss the cause on the same grounds. The petition is denied.

In February 1989, Ms. C. Damon Merrill sued Mr. Morgan Marion Merrill for declaration of a common law marriage, divorce, declaration of paternity of Michael Kyle Merrill, child support and a division of property in the 308th Judicial District Court of Harris County, Texas. Mr. Merrill appeared and answered, denying the existence of the alleged marriage. On September 30, 1990, Mr. Merrill died in a plane crash. At the time of his death, he lived in Aspen, Colorado.

Mr. Merrill's will appointed relator the personal representative of his estate. On October 4, relator filed a suggestion of death with the Harris County district court in which the underlying suit was pending. On January 11, 1991, the estate was admitted to probate in Pitkin County, Colorado. The Colorado court declared the heirs of Morgan Marion Merrill and named Michael Kyle Merrill as the decedent's son. On July 8, Ms. Merrill filed a motion with the Colorado court to take her elective share of the decedent's estate. Then, on July 17, she filed an amended petition with the Harris County district court in which she dropped her request for a divorce and, instead, reurged her request that the court declare the existence of a common law marriage, declare Michael Kyle Merrill as the child of that marriage, and determine the

parties' respective rights in the marital estate.

On August 9, relator filed a motion to dismiss the Harris County lawsuit, claiming that Mr. Merrill's death abated the divorce action and its related matters. Respondent denied this motion on October 11. The suit was later dismissed for want of prosecution, apparently due to a clerical error, but was subsequently reinstated.

A writ of mandamus will issue "only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Walker v. Packer*, 827 S.W.2d 833, 839 (1992) (*quoting Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985)). A trial court commits a clear abuse of discretion when "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d at 917. A trial court's determination involving legal conclusions, rather than factual issues or matters within the trial court's discretion, is subject to a complete review. *Walker*, 827 S.W.2d at 839. This is because a trial court has no discretion in determining what the law is or in applying the law to the facts. *Id.* A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and is appropriate for mandamus relief. *Id.* Nevertheless, even if a trial court is found to have committed a clear abuse of discretion through its erroneous interpretation of the law, mandamus will not issue where there is "a clear and adequate remedy at law, such as a normal appeal." *Id.* (*quoting State v. Walker*, 679 S.W.2d 484, 485 (Tex.1984)).

Relator cites *McKenzie v. McKenzie*, 667 S.W.2d 568 (Tex.App.—Dallas 1984, no writ) in support of his contention that respondent lost jurisdiction over the case at the instant of Mr. Merrill's death. In *McKenzie*, the Dallas Court of Appeals held that the issue of the existence of a common law marriage is not justiciable in the absence of a divorce or other legal proceeding necessitating the determination of whether a common law marriage exists.

*Id.* at 569. As Ms. Merrill points out in her brief, this holding has been questioned since the Family Code was amended in 1989 to require that a proceeding in which a marriage is to be proved under section 1.91 (Proof of Certain Informal Marriages) must be commenced not later than one year after the date on which the relationship ended or not later than one year after September 1, 1989, whichever is later. *See* I.B. Kazen, FAMILY LAW: TEXAS PRACTICE AND PROCEDURE, § 3.02[i] (1990) (commenting on TEX. FAM.CODE ANN. § 1.91(b), which became effective on Sept. 1, 1989). This amendment to the Family Code does not apply to the present situation since the instant case was filed prior to the date on which the amendment went into effect. However, under the facts here, the holding in *McKenzie* can be differentiated.

There, the appellant sued for divorce. A jury found that such marriage did in fact exist at the time of trial. The jury was then dismissed while the parties attempted to agree to a property settlement. A hearing on the divorce and property division issues was reset for a later time. Prior to such hearing, the husband died. The wife filed a motion for judgment on the jury's finding and a plea in abatement. The trial court overruled both requests and ordered the case dismissed. On review, the court of appeals affirmed the decision of the trial court and held that a determination of the existence of a common law marriage is meaningless without the existence of a divorce action or another existing controversy which that determination would affect. *McKenzie*, 667 S.W.2d at 570.

Here, unlike the situation in *McKenzie*, Ms. Merrill amended her petition to delete her request for a divorce and, instead, requested only that she be declared the decedent's spouse, be awarded her share of the marital property, and the decedent be declared the father of their minor son. She did not need to maintain her divorce action to obtain such a declaratory judgment. A common law marriage may still be proven, if timely raised, after the death of the putative spouse. *See, e.g., Cain v. Whitlock*, 741 S.W.2d 528 (Tex.

App.—Houston [14th Dist.] 1987, no writ). Under the facts of the present case, Ms. Merrill's claim for such a declaration is not meaningless. Respondent properly acquired jurisdiction over the case at the time the original suit was filed in February 1989, and he retained jurisdiction when Ms. Merrill amended her petition.

■ More importantly, however, relator is not entitled to a mandamus because he has an adequate remedy at law. As the Texas Supreme Court has recently reiterated, "an appellate remedy is not inadequate merely because it may involve more expense or delay than obtaining an extraordinary writ." *Walker v. Packer*, 827 S.W.2d at 842. "Interference [through writ of mandamus] is justified only when parties stand to lose their substantial rights." *Id.* Here, relator does not stand to lose any substantial rights if the common law marriage issue is tried before respondent. If respondent finds that Mr. and Mr. Merrill were common law husband and wife, there is nothing to preclude relator from appealing that finding. Accordingly, the petition for writ of mandamus is denied.