# NO. 12-14-00228-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROBERT DARRELL TOLAR,* *APPELLANT* | § | *APPEAL FROM THE 124TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *DARBIE D. TOLAR, SEAGRID ANN* *HOWE AND TIA JO VANSCHOYCK,* *APPELLEES* | § | *GREGG COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Robert Darrell Tolar appeals from the trial court's adverse judgment in his declaratory judgment action against his stepmother and trustee of the Tolar Family Trust, Darbie D. Tolar, and trustee committee members Seagrid Ann Howe and Tia Jo Vanschoyck. In three issues, Robert asserts that the trial court erred in determining that Darbie had no fiduciary duty to convey certain property to the Tolar Family Trust or to account for certain property not included in the trust. We affirm.

## BACKGROUND

Billy T. Tolar and Darbie D. Tolar married in 1960 and had four children, Seagrid, Patricia, Sandra, and Rodney. Darbie also had another son, Thomas. Additionally, Billy had two sons from a prior marriage, Gene and Robert. Billy and Darbie separated in 1985 but never divorced. On March 8, 2006, Billy and Darbie executed their respective wills and the Tolar Family Trust Agreement, naming as beneficiaries their four children, Billy's two sons, and Thomas's daughter, Tia. Additionally, Billy executed a power of attorney naming Darbie as his agent. On August 28, 2006, without revoking the first power of attorney, Billy executed a power of attorney naming his son Gene as his agent.

Billy died on July 20, 2009. His will was admitted to probate in Gregg County, Texas. Darbie was appointed independent executrix. She is a resident of Louisiana and was confirmed as independent executrix in Louisiana. Billy gave Darbie his interest in his personal belongings and the residue of his estate to the trustee of the Tolar Family Trust. In February 2011, Darbie obtained a judgment of possession, recognizing her as the owner of right of an undivided one-half interest in thirteen tracts of land, four oil, gas, and mineral leases, and an investment account owned by Billy and located in Louisiana. The court also recognized the Tolar Family Trust as testamentary legatee and "placed [it] into possession in full ownership" of Billy's undivided one-half interest in that community property, subject to Darbie's rights to enjoy the property.

Robert filed suit against Darbie, Seagrid, and Tia, who were members of the trust committee, alleging that Darbie, either individually or with the approval and consent of Seagrid and Tia, breached her fiduciary duties to the trust beneficiaries. He requested a declaratory judgment that certain real property located in Louisiana had been conveyed to the trust and was to pass equally to the seven trust beneficiaries. He further sought a declaration that the trust terms require Darbie to "place" her one-half interest in all community property and all of her separate property into the trust upon Billy's death. He also asked for an accounting of all trust property and the fruits of all trust property and for the appointment of an independent or corporate trustee.

In May 2012, Appellees filed a combined motion for a no evidence and traditional summary judgment. A hearing was held on the motion on July 3, 2012. On October 24, 2012, Appellees filed a suggestion of death to notify the court that Darbie died on August 21, 2012.

On May 13, 2013, the court signed an order granting partial summary judgment in favor of the defendants. Specifically, the court rendered declaratory judgment that Darbie had no duty or fiduciary duty to execute deeds to convey any real property to the trust, to convey her one-half of the community property or her separate property to the trust, or to account for her one-half of the community property or her separate property to the trust beneficiaries. Additionally, the court found that it had no jurisdiction to decide the ownership of real property located in Louisiana. Finally, the court gave full faith and credit to the Judgment of Possession issued by the Second Judicial District Court of Jackson Parish, Louisiana, in the case styled "Succession of Billy T. Tolar" under Probate Docket Number 6816. This judgment awarded ownership of her community one-half interest in real property in Louisiana to Darbie.

On July 18, 2014, the court signed an agreed judgment and order for distribution by which the funds and remaining assets in the trust were distributed. This appeal followed.

## DEATH OF A DEFENDANT

Appellees assert that all of Robert's issues are moot because he failed to have a writ of *scire facias* issued to add the personal representative of Darbie's estate after her death. We disagree.

The rules of civil procedure instruct the parties how to proceed when a party dies during the pendency of a lawsuit. When a defendant dies, a suggestion of death is entered into the record in open court. TEX. R. CIV. P. 152. Then, the clerk of court must issue a *scire facias* for the administrator, the executor, or the heirs of the estate to appear and defend the lawsuit. ***Id***. *Scire facias* allows any person succeeding to the rights of the deceased party to be substituted into the lawsuit. *See **Estate of Pollack v. McMurrey***, 858 S.W.2d 388, 394 (Tex. 1993) (Gonzalez, J., concurring). The plaintiff has a duty to cause the clerk to issue a *scire facias* upon the parties substituted for the defendant. ***Coven v. Dailey***, 652 S.W.2d 527, 529 (Tex. App.–Austin 1983, writ ref'd n.r.e.). Upon the return of service, the suit proceeds against the heir, executor, or administrator of the estate. TEX. R. CIV. P. 152.

However, the rules also address the timing of the death. When a party in a nonjury case dies after the evidence is closed and before judgment is pronounced, judgment shall be rendered and entered as if all parties were living. TEX. R. CIV. P. 156. In this case, the correctness of the judgment must be reviewed without regard to Darbie's death, and in accord with the applicable statutes and rules of law and procedure. *See **Nacogdoches Mem'l Hosp. v. Justice***, 694 S.W.2d 204, 206 (Tex. App.–Tyler 1985, writ ref'd n.r.e.).

## FIDUCIARY DUTY

In his first issue, Robert asserts that the trial court erred in determining that Darbie had no duty to execute deeds to convey the Louisiana real property to the trust. In his second issue, Robert contends that the trial court erred in determining that Darbie had no duty to convey her one-half of the community property or her separate property to the trust. In his third issue, Robert contends the trial court erred in determining that Darbie had no duty to account for her use of her one-half of the community property or her separate property to the trust beneficiaries.

**Standard of Review**

We review a declaratory judgment under the same standards as other judgments and decrees. TEX. CIV. PRAC. & REM. CODE ANN. § 37.010 (West 2015). We review the trial court's decision to grant summary judgment de novo. ***Tex. Mun. Power Agency v. Pub. Util. Comm'n***, 253 S.W.3d 184, 192 (Tex. 2007). After adequate time for discovery, a party without the burden of proof at trial may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense. TEX. R. CIV. P. 166a(i). Once a no evidence motion has been filed in accordance with Rule 166a(i), the burden shifts to the nonmovant to bring forth evidence that raises a fact issue on the challenged elements. *See **Macias v. Fiesta Mart, Inc.***, 988 S.W.2d 316, 317 (Tex. App.–Houston [1st Dist.] 1999, no pet.). A no evidence summary judgment is essentially a pretrial directed verdict. ***Timpte Indus., Inc. v. Gish***, 286 S.W.3d 306, 310 (Tex. 2009).

Review of a summary judgment requires that the evidence presented by both the motion and the response be viewed in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding all contrary evidence and inferences unless reasonable jurors could not. ***Id***. When a party moves for both a no evidence and a traditional summary judgment, we first review the trial court's summary judgment under the no evidence standard of Rule 166a(i). ***Merriman v. XTO Energy, Inc.***, 407 S.W.3d 244, 248 (Tex. 2013). If the no evidence summary judgment was properly granted, we do not reach arguments under the traditional motion for summary judgment. *See **id***.

**Applicable Law**

The trustee shall administer the trust in good faith according to its terms and the Texas Trust Code. TEX. PROP. CODE ANN. § 113.051 (West 2014). The powers conferred upon the trustee in the trust instrument must be strictly followed. ***Jewett v. Capital Nat'l Bank of Austin***, 618 S.W.2d 109, 112 (Tex. Civ. App.–Waco 1981, writ ref'd n.r.e). High fiduciary standards are imposed upon trustees, who must handle trust property solely for the beneficiaries' benefit. TEX. PROP. CODE ANN. § 111.0035(b)(4) (West 2014); ***Ditta v. Conte***, 298 S.W.3d 187, 191 (Tex. 2009).

In interpreting a trust, we ascertain the intent of the grantor. ***In re Ray Ellison Grandchildren Trust***, 261 S.W.3d 111, 117 (Tex. App.–San Antonio 2008, pet. denied). We do so from the language used within the four corners of the instrument. ***Id***. If this language is

4

unambiguous and expresses the intent of the grantor, we need not construe the trust instrument because it speaks for itself. *Id*. In determining the grantor's intent from the four corners of the trust instrument, we carefully examine the words used and, if unambiguous, do not go beyond specific terms in search of the grantor's intent. *Id*. Thus, when the language of a trust instrument is unambiguous, extrinsic evidence may not be introduced to show that the grantor intended something outside of the words used. *Id*.

**Analysis**

Appellees filed a combined no evidence and traditional motion for summary judgment. In the no evidence motion, Appellees argued that there is no evidence that Darbie had a duty to convey the Louisiana real property or her one-half of the community property and all of her separate property to the trust. They further argued that there is no evidence that she had a duty to account for her use of her one-half of the community property or her separate property and there is no evidence that she used a power of attorney that had been revoked. Additionally, they asserted that the trust instrument fails to describe the real property with reasonable certainty in satisfaction of the statute of frauds, sufficient to act as a conveyance of any real property.

In their motion for traditional summary judgment, Appellees asserted entitlement to judgment as a matter of law for the following reasons: (1) Darbie had no fiduciary duty to execute deeds to convey the Louisiana property to the trust; (2) Darbie had no fiduciary duty to convey her one-half of the community property of the marriage and all of her separate property to the trust; (3) Darbie had no fiduciary duty to account to Robert for her use of her one-half of the community property and her separate property; (4) Darbie did not use a power of attorney that had been revoked; (5) the trust instrument does not describe any real property with reasonable certainty as required to satisfy the statute of frauds and does not constitute a conveyance of any real property to the trustees; (6) the court does not have in rem jurisdiction over any ownership disputes regarding Louisiana real property; and (7) the Judgment of Possession issued by the District Court of Jackson Parish, Louisiana, Second Judicial District under Probate Docket No. 6816, styled "Succession of Billy T. Tolar," is entitled to full faith and credit.

As evidence, Appellees relied on the pleadings, certified public records filed in Louisiana regarding Billy's probate proceedings and the Louisiana real property, Billy's power of attorney appointing Darbie as his agent, a document dated June 30, 2010, conveying Louisiana real

property from Robert and Gene to Darbie, the trust instrument, and discovery responses including deeds conveying real property from Billy to Robert and Gene, Billy's power of attorney naming Gene as his agent, and Darbie's admission that she executed oil and gas leases on June 3, 2008, and March 31, 2011.

Robert responded to the motion, arguing that Billy and Darbie intended for the Louisiana real property to be transferred to the trust and that Darbie owed a fiduciary duty to the trust beneficiaries. He further asserted that Section III of the trust instrument requires Darbie to convey her interest in the community property and her separate property to the trust upon Billy's death. The response is supported by Robert's affidavit, a copy of the trust instrument, a 2005 draft of a warranty deed conveying the Louisiana real property to the trust, a timber cutting agreement and two oil, gas, and mineral leases executed by Darbie, and three letters asking for written statements of trust accounts.

The trust instrument states that the property initially conveyed to the trust is described on Schedule A. Schedule A is a list of three items: $100.00 cash, the Louisiana real property, and the Harrison County, Texas real property. Property placed in a trust must be identified with as much certainty as is required in a deed of conveyance, and must be sufficiently identified to enable title thereto to pass to the trustee. *Kurtz v. Robinson*, 279 S.W.2d 949, 952 (Tex. Civ. App.–Amarillo 1955, writ ref'd n.r.e.). The Texas Trust Code provides that a trust in real property is enforceable only if there is written evidence of the trust's terms bearing the signature of the settlor. *See* TEX. PROP. CODE ANN. § 112.004 (West 2014). For the purpose of satisfying the statute of frauds, no aspect of the writing is more essential than the description of land. *Crowder v. Tri-C Res., Inc.*, 821 S.W.2d 393, 396 (Tex. App.–Houston [1st Dist.] 1991, no writ). Schedule A, which merely lists items, with no accompanying description at all, is insufficient to satisfy the statute of frauds or convey the real property to the trust. Nonetheless, Robert argues that, since the clear intent of Billy and Darbie was to convey the Louisiana real property to the trust, Darbie had a duty to do so after Billy died.

Darbie's duties arise from the wording of the trust instrument. *See* TEX. PROP. CODE ANN. § 113.051. There is nothing in the trust instrument requiring Darbie to correct flaws in the attempted initial conveyance. Moreover, there is nothing in the trust instrument directing Darbie to convey the Louisiana real property, or any property she owns, to the trust. Section I of the trust agreement is entitled "Initial Property of the Trust and Additional Property." It provides in

6

pertinent part, "Settlors, or either one of them, may add or cause to be made payable or distributable to this trust at any time other assets and properties." The word "may" is permissive. *Nalle v. Taco Bell Corp.*, 914 S.W.2d 685, 687 (Tex. App.–Austin 1996, writ denied). The settlors may add property to the trust but they are not required to. Section II provides that trust income and principal shall be distributed for the benefit of the settlors, while both are still living, if the settlors make a written designation to do so.

Robert asserts that Section III, entitled "Disposition of Trust Estate At Death of First Settlor," mandates that Darbie place her property in the trust. That section provides that "[u]pon the death of the first Settlor to die, if one Settlor survives the other Settlor, the trust estate shall be divided into two parts, Part A and Part B." The surviving settlor's one-half interest in all the community property and all of the surviving settlor's separate property, and cash or property of the first settlor to die in an amount to satisfy the marital deduction gift are allocated to Part A. All of the rest of the deceased settlor's one-half interest in the community property and his separate property is allocated to Part B. Section IV provides that after the death of the first settlor to die, Part A shall be held as a distinct trust known as Trust A for the benefit of the surviving settlor.

Read together, the terms of the trust do not support Robert's contention. Because the description of the Louisiana real property is insufficient to convey the property to the trust, that property was never subject to the trust's provisions. There is nothing in the trust requiring either settlor to rectify the failed attempt to convey the real estate. Therefore, there is no evidence that Darbie had a duty to execute deeds conveying the Louisiana real property to the trust. *See* TEX. PROP. CODE ANN. § 113.051.

Property of any character may be conveyed to the trust pursuant to Section I. While both Billy and Darbie were alive, they could distribute trust income and principal to themselves pursuant to Section II. Finally, after one has died, pursuant to Section III, the trust splits into two trusts separating existing trust property by its character as having previously belonged to the deceased settlor or the surviving settlor. Contrary to Robert's argument, the trust refers only to "the trust estate" being divided into two parts, which necessarily means the property that has already been conveyed to the trust, not property still owned by the surviving spouse. *See Estate of Hearn v. Hearn*, 101 S.W.3d 657, 662 (Tex. App.–Houston [1st Dist.] 2003, pet. denied).

7

Accordingly, there is no evidence that Darbie had a duty to convey her one-half interest in the community property or her separate property to the trust upon Billy's death.

As trustee, Darbie had a duty to account for trust property. TEX. PROP. CODE ANN. §§ 113.151-.152 (West 2014). Robert contends that she had a duty to account for her one-half interest in the community property and her separate property. However, as we have determined that her community and separate property were not trust property, she had no duty to account for that property. Accordingly, because Darbie had no duty to convey the Louisiana real property, her one-half interest in the community property, or her separate property to the trust, and no duty to account for her community and separate property, the trial court did not err in granting Appellees' motion for no evidence summary judgment. *See* TEX. R. CIV. P. 166a(i). We overrule Robert's first, second, and third issues.

## DISPOSITION

Because there is no evidence that Darbie breached a fiduciary duty to the beneficiaries of the Tolar Family Trust, the trial court did not err in granting summary judgment in favor of Appellees.

We *affirm* the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered May 20, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 20, 2015**

**NO. 12-14-00228-CV**

**ROBERT DARRELL TOLAR,**
Appellant
V.
**DARBIE D. TOLAR, SEAGRID ANN HOWE
AND TIA JO VANSCHOYCK,**
Appellees

Appeal from the 124th District Court

of Gregg County, Texas (Tr.Ct.No. 2010-1235-B)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against appellant, **ROBERT DARRELL TOLAR**, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*